Linden G. Appel Chief Legal Counsel Kansas Department of Corrections 900 S.W. Jackson, 4th Floor Topeka, Kansas 66612
Dear Mr. Appel:
As Chief Legal Counsel for the Kansas Department of Corrections, you pose a primary question concerning K.S.A. 2002 Supp. 8-1567, as amended by L. 2003, ch. 100, § 1, the Kansas driving under the influence statute. If our response to this question is affirmative, you pose five follow-up questions. All of these concerns relate to 2002 amendments to subsection (g) of K.S.A. 2002 Supp. 8-1567 that appear inconsistent with other language in that statute.
 "On the fourth or subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment. The 90 days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 72 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program. At the time of the filing of the judgment form or journal entry as required by K.S.A. 21-4620 or 22-3426, and amendments thereto, the court shall cause a certified copy to be sent to the officer having the offender in charge. The law enforcement agency maintaining custody and control of a defendant for imprisonment shall cause a certified copy of the judgment form or journal entry to be sent to the secretary of corrections within three business days of receipt of the judgment form or journal entry from the court and notify the secretary of corrections when the term of imprisonment expires and upon expiration of the term of imprisonment shall deliver the defendant to a location designated by the secretary.After the term of imprisonment imposed by the court, the person shall be placed in the custody of the secretary of correctionsfora mandatory one-year period of postrelease supervision, which such period of postrelease supervision shall not be reduced. During such postrelease supervision, the person shall be required to participate in an inpatient or outpatient program for alcohol and drug abuse, including, but not limited to, an approved aftercare plan or mental health counseling, as determined by the secretary and satisfy conditions imposed by the Kansas parole board as provided by K.S.A. 22-3717, and amendments thereto. Any violation of the conditions of such postrelease supervision may subject such person to revocation of postrelease supervision pursuant to K.S.A. 75-5217 et seq., and amendments thereto and as otherwise provided by law."[1]
Your primary question is whether, in view of the requirement that postrelease supervision commence upon expiration of imprisonment, a court may legally sentence a fourth or subsequent DUI offender to serve a period of imprisonment to be immediately followed by a period of probation which in turn is followed by a one-year period of postrelease supervision.
Currently, according to one provision of K.S.A. 2002 Supp. 8-1567(g), a person convicted of a fourth or subsequent DUI is not "eligible for release on probation" until serving 90 days imprisonment. This language implies that a court is authorized to place such person on probation following 90 days imprisonment. However, according to another provision in that section, probation after serving 90 days imprisonment is not an option:
 "The law enforcement agency maintaining custody and control of a defendant for imprisonment shall . . . notify the secretary of corrections when the term of imprisonment expires and upon expiration of the term of imprisonment shall deliver the defendant to a location designated by the secretary. After the term of imprisonment imposed by the court, the person shall be placed in the custody of the secretary of corrections for a mandatory one-year period of postrelease supervision. . . ."
Thus, as it stands, subsection (g) of K.S.A. 2002 Supp. 8-1567[2] is at best ambiguous, and at worst contains conflicting language, and so we turn to rules of statutory construction regarding ambiguous and conflicting statutory language.
 Rules of Statutory Construction
A statute is ambiguous when two or more interpretations can fairly be made.[3] If a statute is ambiguous, a determination of legislative intent is in order and effect must be given to that intent.[4] A determination of legislative intent is not limited to a mere consideration of the language used, but the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions should be considered.[5] Further, in construing an ambiguous statute reason should be used as well as consideration of the practicalities of the matter addressed; and a statute should never be interpreted to lead to uncertainty, injustice or confusion.[6]
When two statutes, or two provisions within one statute, conflict, then the more specific, more recent statute controls. Older statutes are subordinate to new enactments, as the newer statute is the later expression of legislative intent and so will control if there is an unavoidable conflict between the two.[7]
 Legislative History
Although legislative history is sparse, testimony provided by Charles Simmons, then Secretary of Corrections, provides rationale for proposed amendments to the version of K.S.A. 8-1567(g) in effect at the time. He initially explained that 2002 Senate Bill No. 433 would amend K.S.A.8-1567(g) by "incorporating the intermediate period of supervision of substance abuse treatment into the post release supervision period."[8]
He then explained problems that had arisen under K.S.A. 8-1567(g) as it then existed and how 2002 Senate Bill No. 433 would solve those problems. Because his was the only relevant testimony concerning this issue, we quote from his testimony at length:
 "[The current version of] K.S.A. 8-1567 (driving under the influence of alcohol or drugs) provides a sentencing disposition for fourth and subsequent conviction consisting of three distinct components. Offenders convicted of DUI four or more times are sentenced to a term of confinement in a county jail. After the term of imprisonment, the offender is placed in the custody of the Department of Corrections in order to participate in either inpatient or outpatient substance abuse treatment as directed by the department. Finally, upon completion of the treatment program, the offender is to begin a one year period of postrelease supervision that is also supervised by the department.
 "The introduction of SB 433 was requested by the department to address the department's concerns pertaining to the intermediate treatment period that follows the offender's release from imprisonment but prior to the commencement of the one year period of postrelease supervision; and the mechanics of the transfer of the custody of the offender from local officials to the department.
 "The department's concerns regarding the status of the offender during the intermediate treatment period involve both the sanctions that can be imposed against the offender during that period as well as its indefinite length of time. SB 433 addresses both of these concerns. SB 433 provides that the required participation in a substance abuse treatment program selected by the department occurs during the postrelease supervision period. Thus, pursuant to SB 433, the department would have leverage with offenders who fail or refuse to participate in an inpatient or outpatient substance abuse treatment program since the offenders would unambiguously be subject to the possibility of having their postrelease supervision revoked for such refusal. Additionally, SB 433 provides a definite time period during which the offender is in the custody of the department.
 "The department's concern regarding the ambiguous status of the offender during the treatment phase set out in K.S.A. 8-1567 is due to that statute's clear language that while violations of supervision conditions imposed during the offender's postrelease supervision subject the offender to the revocation of his or her postrelease supervision or other sanctions, the period of postrelease supervision does not commence until after completion of the required treatment program. Therefore, there is no provision in current law that would enable the Department of Corrections, in conjunction with the Kansas Parole Board, to sanction an offender through the revocation of his or her release during the treatment phase. Thus, if an offender fails or refuses to participate in the prescribed treatment program, the recourse available to the department would be to commence the offender's postrelease supervision with a condition of treatment and sanction the refusal through revocation or other consequences if the refusal continues. This has the unintended consequence of an offender being able to advance the commencement of his or her postrelease supervision period through unacceptable behavior during the treatment phase.
 "SB 433, by providing that all of the supervision exerted over the offender once he or she is released from imprisonment is by virtue of the offender's postrelease supervision obligation, also serves to clearly extend the Parole Board's broad authority regarding the imposition of postrelease supervision conditions applicable to all other offenses to these offenders. This authority would include the board's ability to impose conditions for participation in substance abuse aftercare as appropriate and would avoid any argument that the board's authority to impose supervision conditions is limited to aftercare participation."[9]
Secretary Simmons' testimony made clear that the then current version of subsection (g) of K.S.A. 8-1567 contemplated three phases for a fourth or subsequent DUI offender: (1) imprisonment in a county jail for a specified period of time, (2) placement in the custody of the Secretary of Corrections to participate in a substance abuse treatment program, and (3) upon completion of the treatment program, a one year period of postrelease supervision supervised by the Department of Corrections. Under SB 433, according to the Secretary's testimony, these three phases would be restructured into two phases: (1) imprisonment in a county jail for a specified period of time, to be immediately followed by (2) a one year period of postrelease supervision supervised by the Department of Corrections, during which the offender would be required to participate in a substance abuse program. Pursuant to the Secretary's understanding of SB 433 — a bill that his department requested introduction of — the period of imprisonment would not be followed by release on probation.
 Application of Rules of Statutory Construction
Since 2002 SB 433 passed in the Senate 40 to 0, and in the House 118 to 2,[10] without any amendments affecting the substance of this opinion, we can only assume that the legislative intent was consistent with Secretary Simmons' testimony regarding the bill's historical background, the circumstances which led to its introduction, the purpose to be accomplished and effect it would have under a construction that differed from the presentation in his testimony. Further, as a matter of practicality, a construction of K.S.A. 2002 Supp. 8-1567(g) that would allow release on probation after a period of imprisonment would utterly defeat the problems that SB 433 was intended to solve. Such a construction would indeed lead to uncertainty and confusion, if not injustice.
Additionally, in our opinion, provisions within K.S.A. 2002 Supp.8-1567(g) conflict: one provision indicating that after a term of imprisonment release on probation is permitted, and another provision indicating that a term of imprisonment is to be followed by a one year period of postrelease supervision during which substance abuse treatment is required. Consequently, based on the rule of statutory construction for conflicting statutes, the older language allowing release on probation following a term of imprisonment must be considered subordinate to the newer enactment that, upon expiration of the term of imprisonment, directs placement of the offender in the custody of the secretary of corrections for a mandatory one-year period of postrelease supervision during which the offender is required to participate in an inpatient or outpatient program for alcohol and drug abuse.
In response to your primary question,[11] in view of the requirement in K.S.A. 2002 Supp. 8-1567(g) (regarding a fourth or subsequent DUI offender) that postrelease supervision commence upon expiration of imprisonment, a court should not sentence such offender to serve a period of imprisonment to be immediately followed by a period of probation which in turn is followed by a one-year period of postrelease supervision.[12]
Revocation of Postrelease Supervision: Facility of Confinement
You also pose the following question, separate and apart from your primary question:
 "In any instance in which the Kansas Parole Board orders revocation of the offender's postrelease supervision status, in light of the prohibition of service of the term of imprisonment in a state correctional facility set forth at K.S.A. 2002 Supp. 21-4704(i), may an offender nonetheless be required to serve the postrelease supervision revocation incarceration penalty period contemplated by K.S.A. 2002 Supp. 75-5217(b) in a correctional facility under the control of the Secretary of Corrections?"
K.S.A. 2002 Supp. 21-4704(i) states, in pertinent part:
 "Notwithstanding the provisions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567, . . . and amendments thereto, shall not be served in a state facility in the custody of the secretary of corrections."
Pursuant to K.S.A. 2002 Supp. 8-1567, a fourth or subsequent conviction of driving under the influence is a nonperson felony and a person so convicted is required to be "sentenced to not less than 90 days nor more than one year's imprisonment and fine $2,500." In our opinion, this is the "term of imprisonment" that K.S.A. 2002 Supp. 21-4704(i) prohibits from being "served in the custody of the secretary of corrections." Thus K.S.A. 2002 Supp. 21-4704(i) would be consistent with the meaning of "imprisonment" as used in the DUI statute:
 "`Imprisonment' shall include any restrained environment in which the court and law enforcement agency intend to retain custody and control of a defendant and such environment has been approved by the board of county commissioners or the governing body of a city."[13]
As seen from the previous discussion, "upon expiration of the term of imprisonment,"[14] the offender "shall be placed in the custody of the secretary of corrections for a mandatory one-year period of postrelease supervision."[15] During the postrelease supervision, the offender is required to participate in a substance abuse treatment program as determined by the Secretary and satisfy conditions imposed by the Kansas Parole Board.[16]
If the offender then violates one of these conditions of postrelease supervision, he may be subjected to "revocation of postrelease supervision pursuant to K.S.A. 75-5217 et seq. and amendments thereto and as otherwise provided by law." In the event the offender's postrelease supervision is in fact revoked, you ask whether a Department of Corrections facility would be the appropriate institution in which to confine the offender. In order to respond to this question, we look to the language of K.S.A. 75-5217(b) which addresses this situation:
 "The revocation of release of inmates who are on a specified period of postrelease supervision shall be for a six-month period of confinement from the date of the revocation hearing before the board or the effective date of waiver of such hearing by the offender pursuant to rules and regulations promulgated by the Kansas parole board, if the violation does not result from a conviction for a new felony or misdemeanor. Such period of confinement may be reduced by not more than three months based on the inmate's conduct, work and program participating [participation] during the incarceration period. The reduction in the incarceration period shall be on an earned basis pursuant to rules and regulations adopted by the secretary of corrections."[17]
We note that K.S.A. 75-5217 is a statute within article 52 of chapter 75, an article that is dedicated to the Department of Corrections. Based on this context, in our opinion if a fourth or subsequent DUI offender's postrelease supervision is revoked, a Department of Corrections facility would be the appropriate institution in which to confine the offender.
Very truly yours,
 PHILL KLINE Attorney General
 Camille Nohe Assistant Attorney General
PK:JLM:CN
[1] 2002 amendatory language shown in italics, and language deleted by 2002 amendments not shown. See L. 2002, ch. 50, § 1(g). Language relevant to this opinion shown underlined.
[2] K.S.A. 2002 Supp. 8-1567 has been amended by L. 2003, ch. 100, § 1; however this opinion addresses changes made in 2002 that were not affected by the 2003 amendments.
[3] Link v. City of Hays, 266 Kan. 648, 653 (1999).
[4] Id. at 655.
[5] State v. Miller, 260 Kan. 892, 895 (1996).
[6] Appeal of Angle, 11 Kan. App. 2d 62, 66 (1986).
[7] State ex rel. Tomasic v. Unified Government of WyandotteCounty/Kansas City, Kansas, 264 Kan. 293, 310 (1998).
[8] Testimony of Secretary of Corrections Charles Simmons. Attachment 7, Minutes of the Senate Judiciary Committee, February 7, 2002, and Attachment 7, Minutes of House Judiciary Committee, March 14, 2002.
[9] Id.
[10] 2002 SB 443 became L. 2002, ch. 166, § 2, amending K.S.A.8-1567.
[11] Since we have answered your primary question in the negative, we are not addressing your follow-up questions.
[12] This issue would be statutorily clarified if the words "release on probation" were deleted from the sentence in K.S.A. 2002 Supp. 8-1567 that currently reads: "The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment."
[13] K.S.A. 2002 Supp. 8-1567(r)(2).
[14] K.S.A. 2002 Supp. 8-1567(g).
[15] Id.
[16] Id.
[17] (Emphasis added.)